# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY HERRING, | ) | |
| | ) | Civil Action No. 21- 57 |
| Plaintiff, | ) | |
| | ) | District Judge William S. Stickman |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SCI-FAYETTE, (J-Block), | ) | Re: ECF No. 7 |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint, ECF No. 7, be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief can be granted.

### II. REPORT

#### A.    Factual and Procedural Background

Plaintiff is a state prisoner currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania.   The Clerk's Office received Plaintiff's Complaint along with a motion for leave to proceed *in forma pauperis* ("IFP") on January 12, 2021.  ECF No. 1.  After correcting deficiencies with his IFP motion, Plaintiff was granted leave to proceed *in forma pauperis* on February 5, 2021.  ECF No. 6.  The Complaint was filed on February 8, 2021.  ECF No. 7.

On March 4, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint on the grounds that his initial Complaint failed to identify any individual defendants.  ECF No. 10. The motion was granted by Order dated March 5, 2021, and Plaintiff was granted leave until March 26, 2021 to file his Amended Complaint.  ECF No. 11.

In lieu of an Amended Complaint, Plaintiff filed a Motion to Appoint Counsel, claiming that he suffers "mental disorders" and requires counsel to assist in this litigation. ECF No. 12. Plaintiff filed a similar motion in a separate action pending at No. 20-1559. Given Plaintiff's allegations, this Court obtained Plaintiff's consent to conduct an *in camera* review of his mental health records to determine whether Plaintiff was capable of self-representation. A detailed review of the records forwarded by the Department of Corrections revealed that Plaintiff has diagnoses of anxiety and depression for which he is prescribed medication, and he is seen on a regular basis by mental health professions who describe him as cooperative, with affect, insight, perceptions, and orientation all within normal limits. His thinking is described as logical and he evidences no impairment. In addition, he is noted to spend time in his cell reading and completing puzzles. ECF No. 23. Accordingly, the Court denied Plaintiff's Motion to Appoint Counsel based on the factors set forth in Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). ECF No. 23.

On May 11, 2021, this Court entered an Order requiring Plaintiff to file his proposed Amended Complaint by June 8, 2021. ECF No. 14. On June 21, 2021, this Court issued an Order to Show Cause why this action should not be dismissed due to Plaintiff's failure to file an Amended Complaint. ECF No. 15. Plaintiff responded to the Order to Show Cause on June 29, 2021, indicating that he did not want his case dismissed. ECF No. 16. The Court construed this filing as a motion to extend time and so issued an Order granting Plaintiff one final extension until September 1, 2021, to file an Amended Complaint and advising Plaintiff that his failure to comply would result in the dismissal of this action. ECF No. 17.

To date, Plaintiff has failed to respond or give any other indication that he wishes to proceed with this action. Accordingly, this Court will address the initial Complaint, as it is the sole pleading that has been filed.

In his Complaint, Plaintiff alleges that unnamed corrections officers at SCI-Fayette either destroyed or discarded various items of his personal property – including, but not limited to: his "1983 paper work, and some other things that [he] needed for court[;]" and "Bible study, and other things from [his] Bible." ECF No. 7 at 2-3. Plaintiff also alleges that unnamed corrections officers would not give him his hernia belt, despite having medical authorization for the same. Id. at 4. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, and alleges that the foregoing conduct violated his rights under the First, Second, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Id. at 2. By way of remedy, Plaintiff seeks to be reimbursed for the property that was lost. Id.

### B.    Legal Standard

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading

of the complaint" Phillips v. Cnty of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Emps.' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). Nor must a court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

C.     Analysis

1.     The sole defendant is not a "person" that may be sued under Section 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Therefore, to state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under

4

color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Simply put, the sole Defendant to this action – SCI-Fayette – is not a "person" under the meaning of the statute.  See, e.g., Ruff v. Health Care Adm'r, 441 F. App'x 843, 845 (3d Cir. 2011) ("Ruff cannot sue SCI-Coal Township or the prison's medical department itself because these entities are not "persons" under § 1983") (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curium)); see also Rode v Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.). Accordingly, all claims against Defendant SCI-Fayette should be dismissed with prejudice.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  That said, as more fully discussed below, Plaintiff should be granted leave to amend certain claims and to name specific individuals (or John Does, if the names of the particular individuals currently are unknown) who allegedly are responsible for the acts giving rise to the same.

> 2.    **Lost property claim**

Plaintiff's claim that unnamed corrections officers destroyed or discarded items of his personal property arises under the Due Process Clause of the Fourteenth Amendment.  However, such a claim necessarily fails "if a meaningful post-deprivation remedy is available for the loss." Hudson v. Farmer, 468 U.S. 517, 533 (1984).  In this respect, the United States Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections' grievance procedure (which Plaintiff admits he pursued, although unsuccessfully) "provides an adequate post-deprivation remedy" for prisoners making claims for damage to or loss of personal property. Durham v. Dept. of Corrs., 173 F. App'x 154, 157 (3d Cir. 2006).

Further, although Plaintiff alleges that his final grievance appeal was not returned, it is recognized that he still has an adequate state remedy through a state-court lawsuit. Ray v. Rogers, No. 2:12CV985, 2014 WL 1235905, at *3 (W.D. Pa. Mar. 25, 2014)

As such, Plaintiff's claim for reimbursement for allegedly destroyed or discarded items of personal property is insufficient to state a claim on which relief may be granted by this Court, and should be dismissed. Additionally, as it appears that he cannot prevail, dismissal of his federal claim for lost property should be with prejudice to amendment before this Court; however, dismissal should be without prejudice to refiling in state court under state law, if appropriate.

**3.     Plaintiff's legal papers**

Plaintiff also alleges that court paperwork was destroyed or discarded by unnamed corrections officers. ECF No. 7 at 2-3. Based on the sole remedy sought by Plaintiff – reimbursement for the lost property – it is unclear whether he intends to assert a claim for denial of access to the courts. However, out of an abundance of caution, the standard for raising such a claim will be addressed.

In Christopher v. Harbury, 536 U.S. 403 (2002), the United States Supreme Court set forth specific criteria that a court must consider when determining whether a plaintiff has alleged a viable claim of denial of the First Amendment right to access to the courts. Specifically, the Supreme Court held that a party must identify all of the following in the complaint: (1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 415; see also Lewis v. Casey, 518 U.S. 343, 350-53 (1996).

The Supreme Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of

6

Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that "the 'arguable' nature of the underlying claim is more than hope." Id. The second requirement mandates that a plaintiff allege clearly in the complaint the official acts that frustrated the underlying litigation. Third, a plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. Id. at 414. This final requirement is important in order "to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim." Id. at 416.

Plaintiff has failed to plead any sort of facts regarding his underlying 1983 litigation that would allow this Court to determine whether it possesses any merit whatsoever. He also has not indicated how the alleged loss of his papers precluded him from prosecuting his case, nor what remedy, if any, would be unavailable in future litigation. To the extent that he attempts to assert one, Plaintiff's access to the courts claim with respect to his lost property clearly does not meet the pleading standard articulated in Christopher. This claim should be dismissed. However, as it would not necessarily be futile to do so, Plaintiff should be granted leave file an Amended Complaint with factual allegations supporting such a claim, if appropriate.

### 4.     Free Exercise claim

Plaintiff alleges that his Bible study materials and other materials from his Bible were destroyed or discarded by unnamed corrections officers. ECF No. 7 at 2-3. As with his potential claim of denial of access to the courts, see Part II.C.3, supra, the sole remedy sought by Plaintiff muddies the waters as to whether or not he actually intends to assert a claim for a violation of the

Free Exercise Clause of the First Amendment.  However, out of an abundance of caution, the standard for raising such a claim discussed below.

"Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," Bell v. Wolfish, 441 U.S. 520, 545 (1979), including the protections of the First Amendment and its directive that no law shall prohibit the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  "[A]ll prisoners must be afforded reasonable opportunities to 'exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'"  Small v. Lehman, 98 F.3d 762, 765 (3d Cir. 1996) (*overruled in part on other grounds*, City of Boerne v. Flores, 521 U.S. 507 (1997)) (quoting Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972)).  "[O]nly those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000); see also Sutton v. Rasheed, 323 F.3d 236, 250-51 (3d Cir. 2003).

A plaintiff further must allege a "substantial burden" on the religious exercise.  Thomas v. Review Bd., 450 U.S. 707, 718 (1981); Wisconsin v Yoder, 406 U.S. 205, 218 (1972). "Stated another way, the free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice."  Miller v. Ferguson, No. 19-CV-2456, 2019 WL 4933404, at *4 (E.D. Pa. Oct. 4, 2019) (citing Hernandez v. Comm'r of Internal Revenue, 490 U.S. 680, 699 (1989)).  See also Witcher v. Kerestes, 410 F. App'x 529, 531–32 (3d Cir. 2011) (same).

An inmate may show that a prison regulation or practice violates the right to free exercise of religion by showing that it does not pass the "reasonableness test" set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and O'Lone, 482 U.S. at 349.  This test examines the following four factors: (1) whether the regulation or practice in question furthers a legitimate governmental

8

interest unrelated to the suppression of expression; (2) whether there are alternative means of exercising First Amendment rights that remain open to prison inmates; (3) whether the right can be exercised only at the cost of less liberty and safety for guards and other prisoners; and (4) whether an alternative exists which would fully accommodate the prisoners' rights at *de minimis* cost to valid penological interests.  Thornburgh v. Abbott, 490 U.S. 401, 415-18; Turner, 482 U.S. at 89-91.  These standards indicate that "when a prison regulation or practice encroaches upon prisoners' rights to free exercise of their religion, the regulation is valid if it is reasonably related to a legitimate penological interest."  Ramzidden v. Monmouth Cnty Sherriff Dept., No. 09-4829, 2010 WL 1752540, at *11 (D.N.J. Apr. 30, 2010).  However, prison administrators need not choose the least restrictive means possible in trying to further penological interests, Thornburgh, 490 U.S. at 411, and it is the burden of the plaintiff to disprove the validity of a prison regulation or practice. Williams v. Morton, 343 F.3d 212, 217 (2003) (citing Overton v. Bazzetta, 539 U.S. 126 (2003)).

Here, Plaintiff does not allege either a sincerely held religious belief, or that the loss of his Bible study and other materials substantially interfered with the same.  Furthermore, as stated above, Plaintiff failed to name any individual – even a John Doe – who allegedly destroyed or discarded these materials.  Accordingly, to the extent that Plaintiff attempts to raise a free exercise claim, it should be dismissed.  As leave to amend would not be futile, Plaintiff should be allowed to amend his Complaint in order to cure these pleading deficiencies.

**5.   Eighth Amendment claim**

Plaintiff alleges, without elaboration, that unnamed corrections officers "wouldn't give me my hernia belt even though medical told me that I could have it."  ECF No. 7 at 4.

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria.  First, the conditions "must be, objectively,

sufficiently serious" such that a "prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted).  Only "extreme deprivations" are sufficient to make out a conditions of confinement claim.  Hudson v. McMillen, 503 U.S. 1, 8-9 (1992).  A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 36 (1993).

Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety."  Farmer, 511 U.S. at 834.

The deliberate indifference standard has been defined as requiring that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . .  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Id. at 838.  This reasoning is grounded in the axiom that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted)).

Additionally, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  Farmer, 511 U.S. at 845.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he

knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty Corr Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). The need for a prescribed hernia belt has been recognized as a serious medical need for purposes of stating a plausible conditions of confinement claim. See Walton v. Scott, No. 17-CV-664-SMY, 2017 WL 3394234, at *4 (S.D. Ill. Aug. 8, 2017).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff has not plausibly stated a claim for a violation of the Eighth Amendment. Plaintiff has not alleged any involvement by any "person" named as a defendant to this suit, and he has not alleged a sufficiently culpable state of mind of any individual. This claim should be dismissed, with leave for Plaintiff to amend to address these deficiencies, if appropriate.

6.      **Remaining constitutional claims**

Plaintiff makes boiler-plate assertions of violations of his rights under the Second, Ninth, and Thirteenth Amendments. ECF No. 7 at 2. These are entirely unsupported by factual allegations, and should be dismissed. See Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678. Based on the facts that are alleged, amendment appears to be futile, and dismissal should be with prejudice.

11

## III.  CONCLUSION

Based on the reasons set forth herein, it respectfully is recommended that Plaintiff's claims arising under 42 U.S.C. § 1983 be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief can be granted, as follows:

- All claims against Defendant SCI-Fayette should be dismissed with prejudice;

- Plaintiff's federal lost property claim should be dismissed with prejudice before this Court, but without prejudice to raising a state law claim in state court, if appropriate;

- Plaintiff's claims ostensibly arising under the Second, Ninth, and Thirteenth Amendments should be dismissed with prejudice; and

- To the extent that he attempts to assert them, Plaintiff's First Amendment access to courts and Free Exercise claims, as well as his Eighth Amendment conditions of confinement claim, should be dismissed with leave for Plaintiff to file an Amended Complaint alleging sufficient facts to state a claim upon which relief may be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: October 12, 2021

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

12

cc:    Hon. William S. Stickman
       United States District Judge

       Stanley Herring
       NZ-9854
       SCI Fayette
       50 Overlook Drive
       LaBelle, PA 15450